K. J. McKROW v. JOHN PAINTER and another.

## *Wills.*

The testator devised land and bequeathed personal property to his wife, "if she remains a widow, and if she marries she is only to have a child's part"; and in a subsequent clause says: "I do authorize my wife with authority and power that, at her death, to divide this property among our children as she sees proper"; *Held,* that the widow takes a fee-simple estate in the land. The contingent limitation in case of her marriage is referable only to the personal property.

(*Alexander* v. *Cunningham,* 5 Ired., 430, cited, distinguished and approved).

Ejectment tried at Fall Term, 1882, of Rutherford Superior Court, before *Graves, J.*

The question involved in this case is, whether a fee-simple or an estate for life was conveyed by the will of George Painter to his wife, Rebecca. The court below held that it conveyed a fee-simple. There was judgment accordingly, and the defendant appealed. The facts upon which the decision of this court is based are sufficiently set out in its opinion.

*Mr. M. H. Justice,* for plaintiff.
*Messrs. Hoke & Hoke,* for defendants.

Smith, C. J. It is conceded that, by virtue of the sale under execution against Rebecca Painter and the sheriff's deed, the plaintiff acquired either an estate in fee or for her life in an undivided moiety of the land described in his complaint; and that the duration of the estate thus transferred depends upon the construction of a devise in the will of her husband, George Painter.

The will, executed in August, 1829, after several nominal bequests to numerous children, contains the following clause:

"I also give my dearly beloved wife one hundred and seventy acres of land where I now live, and my mill and my machine; and I also give my wife, Rebecca Harris Painter, two negroes, a boy called Major, and a girl called Chaney, and Chaney's increase; and my horse, beast and all my cattle, and my household furniture, and my working tools, and all my farming instruments; and all that I possess in this world beside the above stated, if she remains a widow; and if she marries she is only to have a child's part."

Proceeding then to make a small intermediate bequest, and to nominate his executor, the testator adds: "And I do authorize my wife, Rebecca, with authority and power, that at her death, to divide this property among our children as she sees proper."

If this last recited clause is to be construed as embracing the

land as well as the personal property previously given to the wife, and to operate upon the devised estate so as to restrict its duration to the term of her life, with a power of disposing of the remainder among the children, the plaintiff's title became extinct upon her death, soon after the suit was begun, and he fails in the action; but if an estate in fee vested, he is entitled to a moiety of the land.

The legal effect of this provision is, therefore, the only matter in controversy presented in the appeal.

The act of 1784 construes every devise of real estate made in general terms a devise of an estate in fee-simple, unless the intent to convey an inferior estate shall appear by express words, or be plainly implied in the will. THE CODE, §2180.

In support of the construction that the intent to limit the estate is shown, or necessarily implied, in conferring authority upon the devisee to divide the property, and in the mandatory direction for the division and apportionment among the children, according to her judgment, we are referred in the brief of defendant's counsel to *Alexander* v. *Cunningham*, 5 Ired., 430, as decisive of the question.

Upon an examination of the will so interpreted in that case, its provisions will be found essentially different from those contained in the will we are now to interpret. The intention of the testator, in that case, to convey a life estate only, was manifest in the language employed to express it. His words are these: " I do hereby will to my son, Moses W. Alexander, all my estate, real and personal, for his own use and benefit, and *then to be divided off and distributed amongst his children*, as he may think proper—that is to say, my *land to be used by him and the profits thereof to be to him, but the land to be by him divided and distributed among his children.*" It is plain the testator meant to give the devisee but an estate for life, that is, that he should have the *use* and enjoy the *profits* arising from his possession, while the land was itself to go to the children, between whom he had power to distribute it only. The use and profits are distin-

guished from the estate, and while the former are to be enjoyed by the devisee, the latter is to pass to the children, under a power of appointment reserved to their father. In the opinion, the Chief-Justice adverts to the phraseology employed, in that the testator does not say that the son *may dispose* of the residue of the estate after his own enjoyment, but "merely that he *shall divide and distribute* them among his children." No such mandatory words are found in our case, and no residuary interest is secured to the children, but the power is given to be exercised at the discretion of the wife, without control, for a disposal at her death among the children, if any, as she may see proper.

It can scarcely be supposed that a limitation over was intended of property which, most of it, if not all, must have been destroyed and worn out during the many years of the wife's survivorship, and which must have been, in the contemplation of the testator, unless as to such as should remain, and this he places at her disposal, with no obligatory requirements imposed upon her to make any disposition. The devise is not, therefore, cut down to a less estate by the subsequent words.

But if it were otherwise, and the subsequent words have the force attributed to them, we do not think, from the context, that the testator intended to apply them, as a qualification, to the devise of the land, but to the personalty only, which might remain at his wife's death.

This part of his property, as separate from the land, was manifestly in his mind when he made the contingent limitation in case of his wife's marriage, by which she was then "only to have a child's part," following the language of the statute in distributing an intestate's personal estate, to-wit: "If there are more than two children, then such widow shall share equally with all the children, she being entitled to a child's part." THE CODE, §1478 (2).

In like manner the authority is given in the final clause to divide among the children " *this property* "—that is, the property already separated in the testator's mind is to be equally divided

between mother and children in the event of her marriage, and distributable among them, according to her judgment, if she remains a widow up to her death.

This construction best effectuates the dispositive purposes of the testator, and is the proper rendering of the terms in which they are expressed.

We, therefore, concur in the ruling of the court, and affirm the judgment.

No error.                                     Affirmed.